IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., dba VGT, Inc., a Tennessee Corporation; UNITED CEREBRAL PALSY OF GREATER SACRAMENTO, a California Non-Profit Corporation; WIND YOUTH SERVICES, a California Non-Profit Corporation; ROBERT FOSS, an individual; JOAN SEBASTIANI, an individual,<br><br>      Plaintiffs,<br><br>  v.<br><br>BUREAU OF GAMBLING CONTROL, a law enforcement division of the California Department of Justice; MATHEW J. CAMPOY, in his official capacity as the Acting Chief of the Bureau of Gambling Control,<br><br>      Defendants.      / | No. 2:08-CV-01241 JAM EFB<br><br><u>TEMPORARY RESTRAINING ORDER AND</u><br>    <u>ORDER TO SHOW CAUSE RE</u><br>    <u>PRELIMINARY INJUNCTION</u> |

This matter is before this Court on Plaintiffs' Motion for Temporary Restraining Order and Order to Show Cause Re

Preliminary Injunction ("TRO Motion"). The Court, having reviewed and fully considered Plaintiffs' TRO Motion, Defendants' Opposition thereto, Plaintiffs' Reply Brief in Support of TRO Motion, all declarations and exhibits in support and in opposition to Plaintiffs' TRO Motion and the oral arguments of counsel at the hearing held before this Court on June 5, 2008, the Court finds as follows:

(1)  The Court has jurisdiction to adjudicate this matter. The proscriptions of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-65, apply to state laws and ordinances. See Bay Area Addiction Research and Treatment, Inc. v. City of Antioch, 179 F.3d 725, 730-32 (9th Cir. 1999); see also South Dakota Farm Bureau v. Hazeltine, 202 F.Supp.2d 1020 (D.S.D. 2002); Crowder v. Kitagawa, 81 F.3d 1480, 1483 (9th Cir. 1986).

(2)  Plaintiffs have a strong likelihood of success on the merits of their claims because it appears that (1) the electronic bingo machines at issue comply with California Penal Code section 326.5 ("Section 326.5") because, inter alia, they provide paper bingo cards from which a winning pattern can be determined and they do not operate as slot machines as defined by Penal Code Sections 330a, 330b and 330.1; (2) the Bureau of Gambling Control's ("Bureau's") interpretation of "card" under Section 326.5(o) to preclude the use of electronic cards discriminates against disabled individuals in violation of the

2

federal Americans with Disabilities Act; (3) the Bureau's interpretation of "card" under Section 326.5(o) to prohibit electronic cards violates Plaintiffs' due process rights; and (4) the other statutes cited in the Bureau's May 2008 cease-and-desist orders are facially inapplicable.

(3)  The balance of hardships weighs in favor of Plaintiffs.  If injunctive relief is not granted and the Bureau seizes the electronic bingo machines at issue and shuts down bingo facilities using electronic bingo machines, Plaintiffs will be irreparably harmed as follows: the charitable organization Plaintiffs would suffer a severe reduction in revenue and a resulting decrease in their ability to deliver social services; Plaintiff Video Gaming Technologies, Inc. ("VGT") would suffer a dramatic loss of income and the seizure of its property without due process; and the individual disabled Plaintiffs would lose their freedom to engage in this form of entertainment on an equal footing with their non-disabled peers.

(4)  No imminent harm will befall the Bureau of Gambling Control or the citizens of California if injunctive relief is granted and the Bureau is not permitted to effectuate its interpretation of Section 326.5 of the California Penal Code immediately.

(5)  The public interest favors granting injunctive relief and maintaining the status quo to allow bingo facilities to

continue to provide revenue to charitable organizations.  It is further in the public interest to ensure that disabled persons have access to the same services as non-disabled persons pending resolution of the merits of Plaintiffs' case.

Accordingly, IT IS HEREBY ORDERED that a temporary restraining order is entered, effective as of June 5, 2008, at 5:00 pm., restraining and enjoining Defendants and any other person and/or entity or agency acting in concert or participation with them(including, but not limited to, the California Attorney General and any other division or bureau of the California Department of Justice), from enforcing in any manner (including, but not limited to, seizing the electronic bingo machines at issue in this case, commencing criminal prosecutions, and halting the play of charitable bingo) the cease-and-desist orders issued by the Bureau on Gilman Street Bingo in Berkeley (served May 12, 2008), the Sacramento Bingo Center in Sacramento (served May 7, 2008), the North Watt Bingo Center Parlor in Sacramento (served May 8, 2008), and the Madison Mall Bingo Center in Sacramento (served May 8, 2008). No bond is required.

IT IS FURTHER ORDERED that Defendants shall appear before Judge John A. Mendez, in Courtroom 6, of the United States District Court, Eastern District of California, located at 501 I Street, Sacramento, CA, on June 25, 2008 at 10:00 am, or as soon

thereafter as the matter may be heard, and show cause why a preliminary injunction should not issue during the pendency of this action restraining and enjoining Defendants and any other person and/or entity or agency acting in concert or participation with them (including, but not limited to, the California Attorney General and any other division or bureau of the California Department of Justice), from enforcing in any manner (including, but not limited to, seizing the electronic bingo machines at issue in this case, commencing criminal prosecutions, and halting the play of charitable bingo) the cease-and-desist orders issued by the Bureau on Gilman Street Bingo in Berkeley (served May 12, 2008), the Sacramento Bingo Center in Sacramento (served May 7, 2008), the North Watt Bingo Center Parlor in Sacramento (served May 8, 2008), and the Madison Mall Bingo Center in Sacramento (served May 8, 2008).

Any response or opposition to this Order to Show Cause shall be filed no later than June 16, 2008 at 4:00 pm. Any reply brief shall be filed no later than June 20, 2008 at 4:00 pm.

Memoranda of law in opposition to or in support of this Order to Show Cause, and reply memoranda are limited to fifteen (15) pages. Plaintiffs are further ordered to make available for the Court and counsel's inspection at least two (2) of the electronic bingo machines at issue. The inspection will take

place at the hearing on this matter on June 25, 2008. If Plaintiffs are unable to produce these machines in Court on that date, they should arrange for such an inspection at a location and date and time convenient to the Court. The date, time and location shall be arranged with the Court's courtroom deputy.

IT IS SO ORDERED.

Dated: June 5, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE