IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIDEO GAMING TECHNOLOGIES, INC. dba VGT, Inc., a Tennessee Corporation, et al.,

    Plaintiffs,

  v.

BUREAU OF GAMBLING CONTROL, a law enforcement division of the California Department of Justice, et al.,

    Defendants.

CAPITAL BINGO, INC., a California Corporation, et al.

    and

EL CAMINO ATHLETIC BOOSTERS, INC., a California Non-Profit Corporation,

    Intervenors.

No. 2:08-CV-01241-JAM-EFB

ORDER DENYING MOTION TO DISMISS

---

On June 4, 2008, Video Gaming Technologies et al. ("Plaintiffs") filed a Complaint against the Bureau of Gambling

1

Control and Mathew J. Campoy (collectively, "Defendants") for declaratory relief and for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., and 42 U.S.C. § 1983.  On June 12, 2008, Capital Bingo, Inc. et al. ("Intervenors") filed a Complaint in Intervention which was ordered filed June 17, 2008.  Defendants now move to dismiss both Plaintiffs' and Intervenors' Complaints.  Plaintiffs and Intervenors oppose the motions.  For the reasons stated below, Defendants' motions to dismiss are DENIED.[1]

## BACKGROUND

Plaintiffs and Intervenors are involved in the manufacture and use of electronic bingo machines found in California charitable bingo parlors.  In May 2008, Defendants served several bingo parlors, including those operated by several of the Plaintiffs and Intervenors, with cease-and-desist orders identifying the electronic bingo machines as gaming devices and stating that if the devices were not removed within 30 days, criminal prosecution or seizure might follow.

On June 4, 2008, Plaintiffs filed their Complaint.  Docket at 1.  On June 5, 2008, this Court issued a temporary restraining order enjoining enforcement of the challenged cease-and-desist orders and ordered Defendants to show cause why a

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 78-230(h).

preliminary injunction should not be issued.  Docket at 19.  On June 17, 2008, the Court granted Intevenors' motion to intervene and the temporary restraining order was modified to include them.  Docket at 43.  On June 25, 2008, following a hearing, the Court issued a preliminary injunction, enjoining enforcement of the cease-and-desist orders against both Defendants and Intervenors.  Docket at 80.  On June 30, 2008, Defendant filed a motion to dismiss Plaintiffs' First Amended Complaint.  Docket at 82.  Defendants subsequently filed a motion to dismiss Intervenors' Complaint on July 2, 2008.  Docket at 84.  On July 29, 2008, Defendants filed a notice of interlocutory appeal to the Ninth Circuit of the Court's Preliminary Injunction order. Docket at 94.  The appeal is currently pending.[2]

OPINION

Defendants raise numerous arguments in their motions to dismiss that this Court already addressed during the preliminary injunction phase, namely: the parties' standing, failure to state a claim upon which relief might be granted under the ADA, failure to state claims upon which relief might be granted for declaratory relief, failure to state a claim upon which relief might be granted under 42 U.S.C. § 1983, Pullman abstention, and

---

[2] Although Defendants have indicated that they have submitted a motion for remand of the current appeal, the matter has not yet been remanded to this Court.

Intervenors' claim for injunctive relief.  The Court acknowledges and the parties concede that the passage of the California Remote Caller Bingo Act, Senate Bill 1369 by the California legislature, which modifies California Penal Code § 326.5, might affect the Court's previous analysis.  However, the legislation does not go into effect until January 1, 2009.

    Furthermore, even if the legislation clarifies the existing bingo statute as Defendants argue, this Court does not have jurisdiction over issues addressed at the preliminary injunction stage because those issues are now on appeal.[3]  See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  Therefore, this Court will not address issues decided during the preliminary injunction stage.  Rather, the Court will only address Defendants' argument, not raised in their appeal, that the Court lacks subject matter jurisdiction over Plaintiffs' and Intervenors' ADA claims.

---

[3] Although Defendants did not raise the standing issue in their appellate brief, the Court has previously considered and rejected this argument.  See Order Granting Preliminary Injunction 6:3-23.  Docket at 81.

Defendants argue that the Eleventh Amendment precludes a suit against Defendants for violations of Title II of the ADA. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001).  However, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority."  Id. (internal citations omitted). The Ninth Circuit has repeatedly found that Congress validly abrogated state immunity when it enacted Title II of the ADA. See Dare v. California, 191 F.3d 1167, 1173 (9th Cir. 1999); see also Clark v. California Dep't of Corrections, 123 F.3d 1267, 1270 (9th Cir. 1997); Hason v. Medical Bd., 279 F.3d 1167, 1171 (9th Cir. 2002); Thomas v. Nakatani, 309 F.3d 1203, 1209 (9th Cir. 2002); Lovell v. Chandler, 303 F.3d 1039, 1051 (9th Cir. 2002).

Defendants argue that the Ninth Circuit should reconsider whether Congress validly abrogated state immunity when it enacted Title II of the ADA in light of the Supreme Court's decision in Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356 (2001), which considered abrogation of state immunity in the context of Title I of the ADA.  However, the Ninth

5

Circuit has considered abrogation in light of Garrett numerous times and has continued to hold that Congress validly abrogated state immunity.  See Hason v. Medical Bd., 279 F.3d 1167, 1171 (9th Cir. 2002) ("We therefore conclude that Garrett does not overrule either Clark or Dare, and that the Eleventh Amendment does not bar Dr. Hason's Title II claims."); Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 792 (9th Cir. 2004) ("[A]lthough the State makes a valiant attempt to persuade us that the Supreme Court's decision in Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356, 148 L. Ed. 2d 866, 121 S. Ct. 955 (2001), requires us to revisit our precedent, we have already done so and have already rejected the State's claims."); Miranda B. v. Kitzhaber, 328 F.3d 1181, 1185 (9th Cir. 2003) ("[W]e held without reservation that because Garrett addressed only Title I of the ADA, the Court had not overruled Clark's and Dare's essential holding that Congress had validly abrogated state immunity under Title II.") Thomas v. Nakatani, 309 F.3d 1203, 1209 (9th Cir. 2002) (same); Lovell v. Chandler, 303 F.3d 1039, 1051 (9th Cir. 2002) (same). Therefore, following extensive Ninth Circuit precedent, the Court finds Congress validly abrogated state immunity in enacting Title II of the ADA.

Defendants also argue that Plaintiffs and Intervenors may not rely on Ex Parte Young, 209 U.S. 123 (1908) in seeking

prospective injunctive relief against state officials in their official capacity under Title II of the ADA. However, the Ninth Circuit has specifically addressed and rejected this argument. See Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-89 (9th Cir. 2003) ("[W]e cannot conclude that Congress intended Ex parte Young not to be applicable for violations of Title II…."). Although Defendants argue that to allow a suit through Ex Parte Young would be an end run around the doctrine of state immunity, the Ninth Circuit has noted that "this is the 'fiction,' however, of all Ex parte Young cases." Id. at 1189.

Because the Court finds that Congress validly abrogated state immunity in enacting Title II of the ADA, it need not consider whether Plaintiffs and Intervenors state law claims are barred by the Eleventh Amendment.

Accordingly, the Court has subject matter jurisdiction over Plaintiffs' and Intervenors' ADA claims.

ORDER

For the reasons stated above, Defendants' Motion to Dismiss is DENIED.

IT IS SO ORDERED.

Dated: October 16, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE