**ROBERT A. RYAN, JR., County Counsel**
**JOHN REED, Deputy County Counsel**
  **[State Bar No. 178142]**
**COUNTY OF SACRAMENTO**
**700 H Street, Suite 2650**
**Sacramento, CA  95814**
**Telephone:  (916) 874-8006**
**Facsimile:  (916) 874-8207**
**File No.:  457.04A**

**Attorneys for defendant John McGinness**

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO

| | |
|---|---|
| **VIDEO GAMING TECHNOLOGIES INC., dba VGT Inc., a Tennessee Corporation; UNITED CEREBRAL PALSY OF GREATER SACRAMENTO, a California Non-Profit Corporation; WIND Youth Services, a California Non-Profit Corporation; ROBERT FOSS, an individual; and JOAN SEBASTIANI an individual,**<br><br>  Plaintiffs,<br><br>vs.<br><br>**BUREAU OF GAMBLING CONTROL, a Law Enforcement Division of the California Department of Justice; MATHEW J. CAMPOY, in his Official Capacity As the Acting Chief of the Bureau of Gambling Control; and JOHN MCGINNESS, in His Official Capacity as the Sacramento County Sheriff,**<br><br>  Defendants.<br><br>**AND RELATED INTERVENORS** | Case No. 2:08-cv-01241-JAM-EFB<br><br>**STIPULATION AND ORDER RE: AMENDMENT OF PRELIMINARY INJUNCTION**<br><br>Date: December 17, 2008<br>Time: 9:00 a.m.<br>Dept.:  6<br>Judge: Hon. John Mendez |

-1-

STIPULATION AND ORDER RE: AMENDMENT OF PRELIMINARY INJUNCTION

PDF created with pdfFactory trial version www.pdffactory.com

IT IS HEREBY STIPULATED, by and between plaintiffs, intervenors, and defendant John McGinness, through their respective attorneys of record, that the preliminary injunction issued on June 30, 2008, as amended on August 25, 2008, which is currently in effect in the above-entitled matter, now applies to Mr. McGinness, in his official capacity as the sheriff of the County of Sacramento. Accordingly, Mr. McGinness, and any person and/or entity acting on his behalf (including, but not limited to, any County of Sacramento personnel), is enjoined from taking any enforcement action against the electronic bingo machines identified in defendants Bureau of Gambling Control and Mathew J. Campoy's (collectively, the "Bureau's") cease-and-desist orders and in the Court's Order Granting Preliminary Injunction, notwithstanding the enactment of California Senate Bill 1369 ("SB 1369") and Sacramento County Ordinance number 1403 ("SCC 1403"), both of which are set to become effective on January 1, 2009.

The parties further stipulate that the use of the electronic bingo machines described above shall remain subject to the provisions, requirements, standards, and prohibitions described in Sacramento County Code sections 4.26.167(c) and 4.29.055(c) and Sacramento County Bingo regulations as they existed on August 25, 2008. Violation of those rules and regulations shall still be subject to administrative remedies as provided in the Sacramento County Code.

The parties further stipulate that the preliminary injunction shall remain in full force and effect until such time as there is a judicial resolution by the Court of Appeals for the Ninth Circuit or this Court, which allows the Bureau of Gambling Control and/or Mr. McGinness to proceed with enforcement action against the electronic bingo machines at issue.

The parties further stipulate that if the Bureau of Gambling Control and/or the Sheriff is permitted to proceed with enforcement action as to the electronic bingo machines at issue pursuant to the judicial resolution described above, plaintiffs and

PDF created with pdfFactory trial version www.pdffactory.com

intervenors shall have 15 days from the date of such judicial resolution to remove such machines from their respective places of operation before Mr. McGinness is allowed to seize them. However, such machines shall be turned off and rendered inoperable the day following such judicial resolution. Any plaintiff or intervenor operating or using the electronic bingo machines at issue after the day following such judicial resolution shall be subject to any other administrative remedy provided in the Sacramento County Code.

Based on this stipulation, plaintiffs and intervenors withdraw without prejudice their Motion to Amend Preliminary Injunction in Light of Intervening Change in Law in its entirety, which motion shall be taken off the Court's calendar.

The parties further stipulate that by executing this stipulation, Mr. McGinness is not waiving his position and any arguments that he may have in either the Court of Appeals or the District Court on any issue raised by the operative pleadings or by the preliminary injunction.

DATED: December 3, 2008        ROBERT A. RYAN, JR., County Counsel
                               Sacramento, California

                               _____
                               JOHN E. REED
                               Deputy County Counsel

DATED: December 2, 2008        NOSSAMAN LLP

                               /s/GEOFFREY A. GOODMAN
                               _____
                               GEOFFREY A. GOODMAN
                               *Attorneys for Intervenors Capital Bingo, et. al.*

-3-

STIPULATION AND ORDER RE: AMENDMENT OF PRELIMINARY INJUNCTION

PDF created with pdfFactory trial version www.pdffactory.com

| | |
|---|---|
| DATED: December 2, 2008 | STEVENS, O'CONNELL & JACOBS LLP |
| | /s/MATTHEW G. JACOBS |
| | _____ |
| | MATTHEW S. JACOBS |
| | *Attorneys for Plaintiffs* |
| DATED: December 2, 2008 | LAW OFFICES OF K. GREG PETERSON |
| | /s/K. GREG PETERSON |
| | _____ |
| | K. GREG PETERSON |
| | *Attorneys for Intervenor El Camino Boosters.* |

IT IS SO ORDERED

DATE:  December 3, 2008    /s/ John A. Mendez_____
                           Honorable John A. Mendez
                           U. S. District Judge

w:\litigate\bingo compliance\2008\vgt v. agt~304.08a\stipulation re preliminary injunction.doc

-4-

STIPULATION AND ORDER RE: AMENDMENT OF PRELIMINARY INJUNCTION

PDF created with pdfFactory trial version www.pdffactory.com